## CURTIS ET AL. v. PARKS.

VOLUNTARY PAYMENT—SURETY—CONTRIBUTION.—No man can be made a debtor for money paid to his use, unless it was done at his request, or unless the party paying the money was bound as surety, or otherwise, to pay it for him.

ID.—ID.—ID.— CONSTRUCTION OF CONTRACT.— The plaintiffs, and defendant, and others—who were sureties on the bond of a Public Administrator—promised and agreed to pay to one F.—to whom their principal had become liable, as his successor in the administration of an estate—the amount of the liability; promising and agreeing each with each and all the others, that they would so pay in certain definite proportions. The plaintiffs, having paid the whole amount, brought their action against the defendant to recover the amount that he should have paid. *Held*, that under the contract alleged there was no obligation resting upon the plaintiffs to pay the defendant's part of the amount, and therefore their payment was voluntary, and gave rise to no cause of action against the defendant.

APPEAL from a judgment for the plaintiffs, and from an order denying a new trial, in the Eighteenth District Court, County of San Bernardino. McNEALY, J.

The several sums, for which each of the sureties signed the official bond of the administrator, are set out in the complaint, and in all amount to $20,000; the amount signed for by the defendant being $2,000, and his proportionate share of the deficit of $2,800 being $280. There is no allegation in the complaint that any of the sureties had become insolvent. The other facts are stated in the opinion.

*Talbott & Harris*, for Appellant.

The defendant and the plaintiffs cannot be regarded as sureties on the contract sued upon. There is, therefore, but one basis upon which any amount can be figured out against the defendant, and that is on the original bond; and as on this his liability is only for $280, the demurrer should have been sustained on the ground of jurisdiction.

*C. W. C. Rowell*, for Respondents.

The plaintiffs and defendant mutually promised each other, in order to avoid litigation about the deficit in Rogers' accounts, each to pay his proportion of the deficit; not his pro-

portion counting the whole number of bondsmen, but the amount which each of the promisers would have to pay (after excluding certain sureties on the bond assumed by them to be insolvent). The agreement by the sureties with the administrator was joint, and each of them became jointly bound to pay the full amount. It is true the sureties agreed among themselves as to their several liabilities, but there was no severance of their liability to the administrator; and there can be no doubt that each of the sureties could have been compelled to pay the full amount. The suit must therefore be treated as one for contribution.

ROSS, J.:

The plaintiffs—six in number—the defendant, and various other persons, seventeen in all, became sureties in several sums, upon the official bond of one Rogers, as Public Administrator of the County of San Bernardino. The complaint charges that afterward letters of administration in the matter of the estate of one Avaline, deceased, were duly issued to Rogers as such Public Administrator, and that on the same day, the latter entered upon the administration of said estate. That subsequently Rogers was removed, and one Fulwiler duly appointed administrator of the estate, and an order made directing Rogers to deliver to Fulwiler all moneys and other property in his hands belonging to the estate, among which was the sum of twenty-eight hundred dollars. That Rogers failed to pay over said sum, and that the sureties became liable therefor. For the plaintiffs' cause of action the complaint then proceeds as follows: "That on the (blank) day of September, A. D. 1877, plaintiffs, and Peter Filance, William Hawley, M. Katz, J. A. Rosseau, (the last four named of whom are not parties to this action, but were sureties upon the bond) and defendant, agreed and promised that they would pay the said W. B. Fulwiler, administrator as aforesaid, the sum of twenty-eight hundred dollars; promising and agreeing, each with each and all the others, that they would so pay in proportionate rate, as the total original liability of said last-named persons, to wit, plaintiffs, and Peter Filance, Wm. Hawley, M. Katz, J. A. Rosseau, and defendant, upon said of-

ficial bond of said Albert Rogers, to wit, thirteen thousand dollars, bore to the said sum of twenty-eight hundred dollars, so should the original liability of each upon said original bond bear to the sum each should pay. That defendant's original liability upon said bond was the sum of two thousand dollars, and the amount of his proportionate rate of the twenty-eight hundred dollars, the sum of four hundred and thirty and $\frac{74}{100}$ dollars gold coin. That on or upon the 1st day of December, A. D. 1877, plaintiffs paid, and fully discharged, the said sum of twenty-eight hundred dollars; and that afterward, to wit, on or about the 25th day of December, 1877, and before the bringing of this suit, plaintiffs demanded of defendant his proportion of said sum so by them paid, to wit, four hundred and thirty $\frac{74}{100}$ dollars, and that defendant has wholly refused and neglected to pay said sum or any part thereof." Wherefore, the plaintiffs brought the present action to recover, and did recover, judgment against defendant for the last mentioned sum. After carefully considering the complaint, we are unable to discover that it states any cause of action in favor of the plaintiffs against the defendant. There is no averment that the defendant ever agreed to pay the *plaintiffs* anything, or that it was understood or agreed between the plaintiffs and defendant, or any of the parties mentioned, that the plaintiffs should pay to Fulwiler the *defendant's pro rata* share of the deficit, in consideration of which the defendant should refund to plaintiffs. This is not an action upon the bond, nor one for contribution, but the action is based upon the alleged contract of September, 1877, which, according to the allegations of the complaint, did not provide for the payment by the *plaintiffs* of the defendant's *pro rata* share of the money due from the late administrator. The complaint failing to show any agreement or understanding by which the plaintiffs were authorized to pay the defendant's part, or any promise by the latter to repay, it fails to show any right in plaintiffs to recover what must be regarded, as the case is presented by the complaint, as a voluntary payment. No man can be a debtor for money paid, unless it was paid at his request. (Hilliard on Contracts, vol. 1, p. 71; 1 Parsons on Contracts, 6th ed. p. 471, and note " F," p. 273.) It follows that the judgment and order must be reversed, and the cause re-

manded, with directions to sustain the demurrer to the complaint.  So ordered.

MORRISON, C. J. and McKINSTRY, J., concurred.