Stewart, J.
The first ground upon which it is claimed that the judgment of the court below was erroneous, is that there was such a defect of parties that the court did not have before it such a real question as is required to be presented in an agreed ease.
There is much force in the claim of counsel for defendant in error, that the plaintiff having submitted the case to the court below, cannot now be heard "to complain that all the necessary parties were not before the court. But beyond that, there are other, and we think better reasons, why this claim of the plaintiff in error is not tenable. The complaint is that in this action all the stockholders should have been joined as *4 parties; granting that this is true, if the plaintiff failed to so make them, the defendant had a right to bring them in, and if he wanted them before the court, he should have taken some steps to make them parties. Mason v. Alexander, 44 Ohio St. 331. Again, in an action to enforce the statutory liability of stockholders, as we understand the law, it would not be error to render judgment against the stockholders before the court for their pro rata share of the debts, taking into account the liability of all the solvent stockholders. In this case, the judgment is only for what is admitted by the agreed statement to be the pro rata share of the amount, paid by the contributing stockholders for the plaintiff in error of the indebtedness, and we do not see how he could be prejudiced by that. It further appears that the rights of all the other stockholders are fully protected by the agreement of submission, to all of which plaintiff in error was a party.
There remains the other and important question in the case, which is agreed upon by counsel upon both sides to be the following, viz: Can a portion of the solvent stockholders of an insolvent corporation, after exhausting the assets of the corporation, all the solvent stockholders having paid in full for their stock, pay off its indebtedness without any promise or obligation given them by the corporation on account of said payment, or assignment of the claims to them, and require the only other solvent stockholder who was requested to pay his pro rata share thereof, but did not do so, to contribute his pro rata share of said indebtedness, it appearing further that no stockholder has paid, or in the event of all paying, would be required to pay more than his statutory liability?
We think it sufficiently appears from the agreed case, that Wm. Dennison was solvent at the time of the payment of the debts of the corporation by the other stockholders; but no reason is given why between May 24, 1878, and May 1, 1884, at which latter date Wnft. Dennison was deceased, no steps were taken to enforce this claim against him.
We may consider it as well settled in Ohio,
1. That the corporate authorities have no control over the statutory liability of the stockholders. Umsted v. Buskirk, 17 Ohio St. 114.
*5 ' 2. That this liability is not a primary resource or fund for the payment of the debts of the corporation, but is collateral and conditional to the principal obligation which rests upon the corporation, and is to be resorted to by creditors only in case of the insolvency of the corporation, or when payment cannot be enforced against it by ordinary process. Wright v. McCormack, 17 Ohio St. 86.
8. That the conditional liability thus spoken of has reference to the condition to which its enforcement by creditors is subject, and is not intended to indicate that its taking effect as an obligation in favor of creditors is conditional or contingent. Brown v. Hitchcock, 36 Ohio St. 669, 677.
4. That the suit of a creditor to enforce such liability, should, under the statute, be for the benefit of all the creditors; and the stockholders whose liability is sought to be enforced, have the right to insist on their co-stockholders being made parties for the purpose of a general account, and to enforce from them contribution in proportion to their shares of stock. Umsted v. Buskirk, supra.
5. That it is error for a court, upon a proper showing being' made, to refuse to bring in all the solvent stockholders. Wheeler v. Famot, 37 Ohio St. 26.
6. That the liability on the part of the stockholder is several in its nature, but the right arising out of this liability is intended for the common and equal benefit of all the creditors. Umsted v. Buskirk, supra; Brown v. Hitchcock, supra.
7. That as between the stockholders and the creditors, each stockholder is severally liable to all the creditors; as among themselves, each stockholder is bound to pay in proportion to his stock. Umsted v. Buskirk, supra; Brown v. Hitchcock, supra.
8. That no creditor can acquire priority or institute a separate suit against any or all the stockholders to enforce the statutory liability on his own behalf. Wright v. McCormack, supra.
9. That in a suit to enforce this liability, where all the stockholders were not before the court, and it did not appear that those not served with process could not have been served, it is error to assess upon the stockholders served the whole amount of the indebtedness of the corporation. Bonewitz v. Van Wert Co. Bank, 41 Ohio St. 78.
*6 10. That in such suit it is not error to the prejudice of either stockholders or creditors, for the court to adjudicate, as between the stockholders, who are parties and creditors, and render judgment against such stockholders for their pro rata share of the indebtedness, and continue the case for further proceedings as to the stockholders not brought in. Mason v. Alexander, 44 Ohio St. 318.
11. That there is no principle upon which it can be claimed that where stock is held in severalty, the statutory liability of stockholders to the creditors of the corporation is joint; nor any practice that would warrant the rendition of a joint judgment. (Id. 333).
12. That the right of contribution grows out of the organic relation existing among the stockholders. Umsted v. Buskirk, supra.
We do not think that the word contribution is here used in the common legal sense, or as at all implying that the stockholders bear the relation of sureties to each other, but viewing the language of the court in the light of the question before it, that it means that by virtue of the relationship ^between the stockholders, as defined by statute, and the several character of their liability, there exists, when a suit is brought, the right among the stockholders to bring in all the others, that they might be compelled to contribute their pro rata share of the indebtedness. So that in no proper sense can thejstockholders in a corporation be considered as sureties for each other. Applying these rules to the case at bar, it is clear that if a suit had been brought against the stockholders of this corporation by its creditors, they would have had a right to require that Wm. Dennison should be made a party and required to pay his pro rata share of the indebtedness, and that the court could not have rightfully rendered a judgment against the other stockholders for Wm. Dennison’s share of that indebtedness.
It is not claimed that Wm. Dennison requested the other stockholders to pay this indedtedness for him, or that after it was paid he made any promise to repay them.
“ No one can compel another to accept a gratuitous and unrequested service; no one can make himself the creditor of *7 another without his consent or against his will. But where one is compelled to do for another what^that other should do, and was compellable to do, the law impliesjnot'only a previous-request, but also a promise to compensate for the doing of it-The compulsion in this case must be a legal^one; or in other words,, there must be an obligation which the law”will enforce. 1 Parsons on Contr. (7th ed.) bottom pp.j¡499, 500’; 2 Wharton on Contr. § 766.
A payment, to establish the claim of contribution, must be compulsory. Hence, if one of many who must®pay a certain debt, might show, if sued, that he was bound tojpay only a certain proportion and could deí'end¿himselfaa¡further claim,, his payment of more than his share gives^him no claim for contribution. But this does not mean that*there must be a-suit, but only a fixed and positive obligation.¶?1 Parsons on Contr. (7th ed.) bottom p. 32; 2 Warton on Contr. §§ 765, 837.
A question similar to the one before us was^decided by the supreme court of California, in the case of Curtis et al. v. Parks, 55 Cal. 106.
The syllabus of the case is as follows:
“No man can be made a debtor for money paid to his use,, unless it was done at his request, or unless the party paying the money was bound as surety, or otherwise, tojpay it for him.”
The facts in that case showed that the plaintiffs and defendant, with others, who were sureties on the bond of a Public Administrator — promised and agreed to pay to one F., to whom their principal had become liable, as his successor in the administration of an estate, the amount of the liability; promising and agreeing each with each and all the others,, that they would so pay in certain definite®proportions. The-plaintiffs, having paid the whole amount, brought their action against the defendant to recover the amount that he should have paid, and the court held, “That under the contract alleged there was no obligation resting'upon the plaintiffs to pay the defendant’s part of the amount, and therefore their payment was voluntary, and gave rise tohiojiause'of action against the defendant.”
Watson & Burr, for plaintiff.
H. M. Butler, for defendant.
The case of Andrews v. Callender et al. Exr’s, 13 Pick, 484 is more nearly in point, and in that case it was held that: “A member of a manufacturing corporation, who has voluntarily paid a debt against the corporation for which the members were, by the statutes of 1808 Ch., 65 and 1817 Ch., 188, personally liable, has no remedy under those statutes, against the other members,- for a contribution.”
See also Lucas v. Ins. Co., 6 Cowen 635, 638 to the same effect.
The statute regulating the mode of enforcing the liability of stockholders in a corporation, sec. 3260, Rev. Stats., which appears for the first time in the revision of 1880, is only a codification of the decisions herein referred to, with the additional right given to a stockholder to bring suit to enforce that liability.
In view of these authorities, a majority of the court think that when these stockholders paid Wm. Dennison’s share of the indebtedness of this corporation without suit, after having shown that they knew of his liability by requesting him to join them in paying, and he had declined to do so, they paid . an indebtedness for which they were not liable, and which they could not under the circumstances here disclosed have been compelled to pay. And having voluntarily paid more than they were bound to pay, they cannot maintain an action against Wm. Dennison to recover what they paid for him.
The judgment of the common pleas court will be reversed at the costs of the defendant in error, and this court, proceeding to render the judgment which the court below ought to have rendered, the petition of the defendant in error will be dismissed at his cost.
Shauck, J., dissents.