[Civ. No. 826. Second Appellate District.—October 7, 1910.]

J. H. KEIFER, Respondent, v. R. H. MYERS, Appellant.

CORPORATIONS—TRANSFER OF STOCK—PLEDGE—LAW OF CASE.—Where, upon a former appeal, the written agreements entered into between the parties with reference to the transfer and indorsement of certificates of stock of a laundry corporation were before this court, and were construed and determined to be upon their face agreements relating to a pledge of the stock, that construction of the agreements has become the law of the case, and we cannot, upon this appeal, consider the contention of the appellant that the same should be construed or held otherwise.

ID.—PAROL PROOF TO VARY CONTRACTS—EXCEPTION—RAISING EQUITY—DEFECT OF EQUITY GOVERNED BY RULE.—The general rule disallow-

ing parol evidence to vary the terms of a contract is subject to the exception that such evidence is admissible to raise an equity superior to the terms of the contract, but such exception does not apply to contracts which show an equity on their face, such as a pledge or a mortgage, which cannot be defeated by parol evidence to show that the pledge is an absolute sale, or that the mortgage, which is but a lien, was intended to be a grant of the property. In such cases, the general rule applies that evidence *dehors* the instrument is not admissible to establish a character different from that expressed by the language employed.

ID.—REFORMATION OF CONTRACT FOR FRAUD OR MISTAKE.—Whatever right may exist in the reformation of a contract showing an equity to establish the right thereto by oral evidence of fraud or mistake therein, that the writing does not express the real terms of the agreement, must be worked out under appropriate pleadings and subject to the rules of sufficiency of evidence in actions of that character.

ID.—FIXING AMOUNT TO REDEEM PLEDGE—EFFECT OF TENDER—VOLUNTARY PAYMENTS.—The court did not err in fixing the amount required to redeem the pledge, in considering that the tender of the amount due had the effect of the performance of all incidents of the obligation at the date of the tender; and that the refusal of defendant to accept the tender, based upon his disavowal of the pledge and claim of absolute ownership, rendered subsequent payments by the pledgee voluntary, and not allowable.

ID.—REQUEST FOR FURTHER PAYMENTS ESSENTIAL.—No man can be a debtor for money paid unless it was at his request.

APPEAL from a judgment of the Superior Court of Los Angeles County.   Chas. Monroe, Judge.

The facts are stated in the opinion of the court.

Frank G. Finlayson, and R. H. Myers, for Appellant.

. Lynn Helm, and E. S. Williams, for Respondent.

ALLEN, P. J.—This was an equitable action wherein plaintiff sought a decree adjudging him the owner of certain shares of the capital stock of a laundry company. The issue presented was as to the character of the transfer to defendant of such shares. The trial court found the transaction to be a pledge of the shares, and not an absolute sale, and plaintiff was decreed appropriate relief.

The principal question involved herein was before this court upon a former appeal from a judgment of nonsuit. (*Keifer*

v. *Myers,* 5 Cal. App. 668, [91 Pac. 163].) Upon that appeal, as upon this, the written agreements entered into between the parties with reference to the transfer and indorsement of the certificates of stock were before this court, and this court construed such agreements, and determined that upon their face the same were clearly intended to be and were agreements relating to a pledge. That construction of the agreements and the legal effect which should be given the same has become the law of the case. We cannot, therefore, upon this appeal, consider appellant's contention that the same should be construed or held otherwise.

There remains, however, another question presented by the record, and that is as to the action of the trial court in sustaining an objection to evidence offered by defendant of conversations between the parties leading up to and culminating in the execution of the agreements as indicating the effect which the parties intended should be given thereto; the question propounded being: "State all the facts leading up to and attending the making of the contract between yourself and Mr. Keifer relating to the transfer to you of one hundred and ninety-eight shares of stock of the Sanitary Laundry Company owned by Mr. Keifer; what was said and done by each of you?" Appellant insists that the equitable rule long established, and as followed by our supreme court in *Pierce* v. *Robinson,* 13 Cal. 125, and numerous other cases, is applicable to a case of the character here presented. The rule in the Pierce case, as in all cases which have come under our observation, wherein the right to prove by parol facts tending to establish a contract different from that expressed by the language of the instrument, is confined to those cases where an equity is sought to be shown superior to the terms of the instrument, which equity a court of chancery will enforce by annulling or reforming the instrument, or limiting its operation, or enjoining its use. Under this rule, deeds may be shown to be mortgages, and other instruments purporting to grant absolute rights may be shown to have been intended to possess some limited character. But the right to defeat an expressed equity by destructive parol proof is not comprehended within the rule. In our opinion, the written agreement of pledge cannot be shown by parol to be an agreement of absolute sale, no more than a mortgage, which is but a lien, may by parol

be shown to have been intended as a grant of the property described. That in cases of the nature here presented evidence is not admissible *dehors* the instrument to establish a character different from that expressed by the language employed. Whatever rights exist in cases analogous to the one under consideration, if the instrument, through fraud or mistake, does not express the real agreement, must be worked out through a reformation of the contract under appropriate pleadings and subject to the rules and sufficiency of the evidence in actions of that character. (*Gardner* v. *California Guarantee Co.*, 137 Cal. 71, [69 Pac. 844].) We think the court did not err in its fixation of the amount requisite to redemption from the pledge. A tender of the amount due under a pledge has the effect of performance of all incidents of the obligation at the date of the tender. (Civ. Code, sec. 1504.) The refusal of defendant to accept the tender based upon a disavowal of a pledge and a claim of absolute ownership renders subsequent payments by the pledgee as voluntary in their character. "No man can be a debtor for money paid unless it was at his request." (*Curtis* v. *Parks*, 55 Cal. 106; *Huddleston* v. *Washington*, 136 Cal. 519, [69 Pac. 146].)

We have examined the other specifications of error, all of which relate to rulings upon the admissibility of evidence, and those specifications not covered by the principles hereinbefore declared are not of a character which would warrant a reversal of the judgment.

Judgment affirmed.

Shaw, J., and James, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on November 5, 1910, and a petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on December 5, 1910.