[Civ. No. 1114.   Second Appellate District.—May 20, 1912.]

## ELLEN R. UPTON, Appellant, v. THE WOMAN'S CLUB OF KERN, Respondent.

CORPORATIONS—ABSENCE OF CAPITAL STOCK—CODE LIABILITY OF MEMBERS FOR DEBTS—VOLUNTARY PAYMENT OF EXCESS—NONLIABILITY OF CORPORATION.—Where a corporation has no capital stock, the liability of its members for its debts is fixed by section 322 of the Civil Code by equal distribution between them. Where one member pays any part of the debts of such corporation in excess of his share, such excessive payment is purely voluntary, and imposes no obligation upon the corporation to reimburse such member for any part of the amount so contributed, in the absence of any contractual obligation to that effect.

APPEAL from a judgment of the Superior Court of Kern County.   J. W. Mahon, Judge.

The facts are stated in the opinion of the court.

Emmons & Hudson, for Appellant.

C. L. Claflin, for Respondent.

SHAW, J.—The complaint alleges that defendant was at all times mentioned therein a corporation existing under the laws of this state; that plaintiff was at all said times a member therein; that between August 19, 1910, and October 21, 1910, defendant in constructing a club-house upon certain lots owned by it incurred an indebtedness to the extent of $753.20; that plaintiff, "in order to relieve herself of liability for the debts of said corporation, and to save herself from damage, and for the use and benefit of said corporation, and to arrest threatened attachment suits against it by its said creditors, and to forestall the filing of liens on said club building by said creditors," paid said amount. To this complaint the court sustained a general demurrer. Plaintiff declining to amend, judgment was entered for defendant, from which plaintiff appeals upon the judgment-roll.

Assuming that defendant was a corporation having no capital stock (which fact, though not clearly appearing, is conceded by counsel), plaintiff's liability as a member thereof

is fixed by section 322 of the Civil Code. Under this provision the liability for the debts of such corporation is equally distributed between all the members thereof, and plaintiff, in the absence of any contractual obligation disclosed by the complaint, was liable for her share only of such debt. Since the statutory obligation to pay the debt of the corporation was thus limited to her share thereof, upon payment of which she would secure a release of liability, it must follow that, in the absence of any act of defendant authorizing the same, the payment of any sum in excess of her share was a purely voluntary contribution on her part and imposed upon defendant corporation no legal obligation to reimburse her for the amount so contributed. (*Huddleston* v. *Washington*, 136 Cal. 519, [69 Pac. 146] ; *Curtis* v. *Parks*, 55 Cal. 106; *McGlew* v. *McDade*, 146 Cal. 553, [80 Pac. 695].)

It follows there was no error of the court in sustaining the demurrer, and the judgment is, therefore, affirmed.

Allen, P. J., and James, J., concurred.