[No. G029343. Fourth Dist., Div. Three. Aug. 11, 2003.]

LEAH ADAMS et al., Plaintiffs and Appellants, v.
PACIFIC BELL DIRECTORY, Defendant and Respondent.

## Counsel

MacAuley & Smart and Jack Smart for Plaintiffs and Appellants.

Ballard, Rosenberg, Golper & Savitt and Jeffrey P. Fuchsman for Defendant and Respondent.

## Opinion

**RYLAARSDAM, Acting P. J.**—Plaintiffs, 42 employees and former employees of defendant Pacific Bell Directory (employer), sued the latter, claiming its practice of debiting employees' commissions is unlawful under Labor Code section 221 and Business and Professions Code section 17200, although it is expressly permitted under a collective bargaining agreement between the parties. The case has been a procedural merry-go-round, if not a procedural roller coaster, for employees. Or perhaps a more appropriate metaphor is to characterize their experiences in pursuing this case as a procedural house of horrors.

Almost six years ago, employees filed their suit in the Orange County Superior Court. Defendant removed the case to the United States District Court, claiming federal law governing collective bargaining agreements preempted employees' state law claims. The district court agreed with this premise and then proceeded to dismiss the case on the merits. Plaintiffs appealed to the Court of Appeals for the Ninth Circuit, which reversed and remanded the case back to the superior court. After return of the case to the Orange County Superior Court, the trial judge there found that federal law *did* preempt the action and granted summary judgment in favor of defendant. This appeal followed.

Were we to affirm the trial court's determination that the state court lacks jurisdiction, we would endorse the incongruous conclusion that neither the federal nor the state court has jurisdiction to decide this controversy. The law

does not demand such an absurdity. Rather, the policies supporting application of the doctrine of "law of the case" permit us to follow the determination made by the federal appellate court. We therefore reverse the summary judgment. In doing so, we express no opinion on the other legal issues which employer contends provide alternative and independent grounds for summary judgment.

## FACTUAL AND PROCEDURAL BACKGROUND

Employees, members of the International Brotherhood of Electrical Workers, were employed to sell "yellow pages" advertisements. Their union locals negotiated a collective bargaining agreement on their behalf and, in accordance with that agreement, employer paid employees weekly. Their pay consisted of a base salary and a commission based on sales. Thereafter, as contractually permitted, employer reduced employees' pay from time to time in the amount of previously advanced commissions if certain conditions relating to the sale, specified in the collective bargaining agreement, were not met. For example, there would be such a reduction if a sale on which a commission had previously been paid was not completed.

The complaint alleges that these deductions were unlawful under Labor Code section 221 et seq., which prohibits employers from making wage deductions, and under Business and Professions Code section 17200, which prohibits unfair competition, including unlawful, unfair, or fraudulent business acts or practices. Employer contends the state court lacks jurisdiction over this dispute because (29 U.S.C. § 185) (LMRA) preempts all state claims that require interpretation of collective bargaining agreements. Employer also contends that, even if federal law did not preempt state law, the deductions are lawful under Labor Code section 221 and therefore do not violate Business and Professions Code section 17200.

After employer removed the action to the district court, employees moved to remand the case to the superior court; that motion was denied. The district court held that the employees' claims required interpretation of the collective bargaining agreement, and therefore federal preemption applied. It also granted employer's motion to dismiss the action based on its conclusion that, under federal labor law, employees failed to state a claim.

When employees appealed, the Ninth Circuit reversed the denial of the motion to remand. In its memorandum opinion, the court explained that "[b]ecause the resolution of the plaintiffs' claims does not require interpretation of their labor agreement, § 301 of the LMRA does not completely preempt those claims. In the absence of complete preemption, no federal question jurisdiction exists." (Fn. omitted.) The court remanded the case to

the district court "with instructions to grant the plaintiffs' motion to remand [to the state court] for lack of subject matter jurisdiction." (Fn. omitted.)

Thus, the case returned to the Orange County Superior Court where employer moved for summary judgment. The motion asserted several grounds, including that all causes of action "have no merit because these claims require reference to, or analysis of, the collective bargaining agreement governing [employees'] employment with [employer] and, therefore, are completely preempted by § 301 of the Labor Management Relations Act ...." In spite of the earlier decision by the Ninth Circuit, the trial judge agreed and in granting the motion found that "the undisputed evidence establishes that the determination of this action centers on the interpretation and analysis of the Collective Bargaining Agreements between the parties and is therefore preempted by Section 301 of the Labor Management Relations Act ...."

## DISCUSSION

*Application of the Doctrine of Law of the Case Resolves the Jurisdictional Dilemma*

This action is trapped in a procedural morass. The Ninth Circuit determined the federal court lacked jurisdiction because the action was not preempted by the LMRA. This was based on its finding that resolution of employees' claims did not require construction of their collective bargaining agreement. After remand, the superior court granted summary judgment on the ground the action was preempted by the LMRA. The doctrine of law of the case resolves the jurisdictional dilemma facing employees and provides the parties with a forum to litigate their dispute.

"[W]here an appellate court states in its opinion a principle of law necessary to the decision, that principle becomes law of the case and must be adhered to in all subsequent proceedings, including appeals. [Citations.]" (*Citizens for Open Access Etc. Tide, Inc. v. Seadrift Assn.* (1998) 60 Cal.App.4th 1053, 1064 [71 Cal.Rptr.2d 77].) We recognize that the law of the case doctrine is not absolute; it "is merely a rule of procedure and does not go to the power of the court ...." (*DiGenova v. State Board of Education* (1962) 57 Cal.2d 167, 179 [18 Cal.Rptr. 369, 367 P.2d 865].) Further, we are not required to adhere to decisions by the federal appellate courts, even on questions of federal law. (*Metalclad Corp. v. Ventana Environmental Organizational Partnership* (2003) 109 Cal.App.4th 1705, 1714–1715 [1 Cal.Rptr.3d 328].)

But, although not binding, we give great weight to federal appellate court decisions. (*Etcheverry v. Tri-Ag Service, Inc.* (2000) 22 Cal.4th 316,

320 [93 Cal.Rptr.2d 36, 993 P.2d 366].) This is particularly true in the context of their determination of federal law, as happened here. (See *Spellman v. Securities, Annuities & Ins. Services, Inc.* (1992) 8 Cal.App.4th 452, 459 [10 Cal.Rptr.2d 427] [federal court decisions are especially persuasive in interpretation of federal law].) Thus, in this instance, we believe it is appropriate to apply the principles of the law of the case.

■ Employer challenges application of the doctrine on several grounds, none of which are persuasive. First, it incorrectly contends the decision of the federal appellate court was based "strictly on the allegations" of the complaint whereas the superior court considered "voluminous evidence" in deciding the summary judgment. But here the federal and state courts reached their conflicting decisions based on a review and construction of the same document, the collective bargaining agreement. In interpreting that agreement and deciding it did not control resolution of the case, the Ninth Circuit stated a principle of law necessary to the case. (See *Cooley v. Miller & Lux* (1914) 168 Cal. 120, 123–124 [142 P. 83] [prior appellate decision interpreting written instrument which is basis of parties' rights is law of the case]; *Keifer v. Myers* (1910) 14 Cal.App. 338, 340 [111 P. 1038] [construction of written agreement in prior appeal is law of the case].)

■ We also reject employer's related argument that the law of the case doctrine does not apply except "where the evidence is the same." That is true only where "the sufficiency of the evidence as a matter of law is involved …." (9 Witkin, Cal. Procedure (4th ed. 1997) Appeal, § 901, p. 396; *People v. Shuey* (1975) 13 Cal.3d 835, 842 [120 Cal.Rptr. 83, 533 P.2d 211], disapproval on another ground recognized in *People v. Bennett* (1998) 17 Cal.4th 373, 389, fn. 4 [70 Cal.Rptr.2d 850, 949 P.2d 947].) Such is not the case here.

Similarly, employer mischaracterizes the ruling as solely jurisdictional rather than a ruling on the merits. The Ninth Circuit's ultimate decision was based on jurisdiction, but to get there it had to review and interpret the collective bargaining agreement. That was a decision on the merits of that issue. Thus, the affirmative defense on which the superior court granted summary judgment, preemption under LMRA section 301, had already been decided against employer. To allow the trial court to revisit that ruling would contravene the policies underlying the law of the case doctrine—conservation of judicial resources and ensuring the finality of decisions. (*Searle v. Allstate Life Ins. Co.* (1985) 38 Cal.3d 425, 435 [212 Cal.Rptr. 466, 696 P.2d 1308].) An additional policy reason entitles us to ignore the law of the case "where its application will result in an unjust decision." (*Clemente v. State of California* (1985) 40 Cal.3d 202, 212 [219 Cal.Rptr. 445, 707 P.2d 818].) But, here the opposite is true; the injustice would be caused by our failure to apply the doctrine because employees would be denied a forum.

We also disagree with employer's argument about the Ninth Circuit's comment that although "[employees'] claims are not completely preempted by § 301, we express no view on the merits of their claims." Employer interprets this to mean the federal court was not ruling on the merits of the LMRA section 301 defense. But in the context of the decision, the comment plainly refers to the underlying merits, apart from section 301. In addition, employer's construction conflicts with another portion of that decision which states that, "following remand, [the state court will] determine[] whether [employer] violated state law." This is further confirmation the Ninth Circuit was deciding a principle of law, i.e., the nonapplicability of section 301.

Nor are we persuaded by the cases employer cites as support for its argument because none are based on law of the case. Two of them, *AT&T Communications, Inc. v. Superior Court* (1994) 21 Cal.App.4th 1673, 1680 [26 Cal.Rptr.2d 802] and *Lembo v. Texaco, Inc.* (1987) 194 Cal.App.3d 531, 536 [239 Cal.Rptr. 596], both of which had been remanded from the district court, confirm the basic principle that the doctrine only applies to decisions of appellate courts. *Moreau v. San Diego Transit Corp.* (1989) 210 Cal.App.3d 614 [258 Cal.Rptr. 647] did not even discuss law of the case; nevertheless, it would not apply since, again, there was no appellate decision. Finally, the issue in *Whitman v. Raley's Inc.* (9th Cir. 1989) 886 F.2d 1177, 1178 was the appealability of a remand order based on a finding federal law did not preempt state claims, not the question here.

Employer contends the doctrine of law of the case does not apply because the determination of preemption was not necessary to the Ninth Circuit's decision. We do not understand this argument. Not only was the issue of whether federal law preempted a decision in employees' case necessary, it was part and parcel of the actual decision itself. Employer states, "Because the Ninth Circuit lacked jurisdiction to decide the preemption affirmative defense, the issue was not determined." (Boldface and italics omitted.) Were we to follow this circular reasoning we would shortly meet ourselves coming around the corner.

Of course the Ninth Circuit had jurisdiction to decide whether it had jurisdiction. "A court has jurisdiction to determine its own jurisdiction, for a basic issue in any case before a tribunal is its power to act, and it must have authority to decide that question in the first instance .... This obvious principle is one of the cornerstones of our system of lower and higher tribunals." (*Rescue Army v. Municipal Court* (1946) 28 Cal.2d 460, 464 [171 P.2d 8]; see *Herman Family Revocable Trust v. Teddy Bear* (9th Cir. 2001) 254 F.3d 802, 804.) And, in order to determine the jurisdiction issue, the federal appellate court had to and did rule on the preemption issue.

Finally, we reject employer's contention that employees waived application of the doctrine of law of the case because they failed to raise it in the trial court. It is true the term itself was never used. ■ But it is not necessary that a party use the magic incantation "law of the case," as long as that party calls the trial court's attention to the earlier appellate decision and urges the court to follow it. In *In re Saldana* (1997) 57 Cal.App.4th 620 [67 Cal.Rptr.2d 183], the court noted, "[t]he prosecutor read a portion of our opinion to the trial court at the resentencing hearing, and urged the trial court to follow the opinion. Respondent's attorney argued that our statement concerning abuse of discretion was dictum, and not binding on the trial court. Thus, the issue of whether our opinion was law of the case and therefore binding on the trial court was raised in the trial court, and argued by both sides. The prosecutor's failure to use the phrase 'law of the case' does not waive the issue." (*Id.* at p. 625.)

So here, employees opened their opposition to the motion for summary judgment by referring to the decision of the federal court in their first sentence: "Defendant's Motion for Summary Judgment boils down to the same issues presented to the United States Court of Appeals for the Ninth Circuit, and upon which the court ruled in Plaintiffs [*sic*] favor." And on the next page, "the Ninth Circuit Court of Appeal disagreed, holding that Plaintiffs' claims were not preempted under the LMRA. Rejecting the same arguments now being made to this court, ... the Ninth Circuit Court of Appeals ...." (Boldface omitted.) Later in the same document, employees argued that there was no basis permitting the California trial court to determine the federal appellate court was wrong. Likewise, in their opening brief here, employees argued that the issue had been decided by the Ninth Circuit.

In sum, the interests of justice and fairness dictate an application of law of the case. Therefore, the decision of the Ninth Circuit as to section 301 of the LMRA shall control.

*Other Bases for Summary Judgment*

Employer argues that summary judgment was properly granted because bases other than the one provided in the order granting summary judgment support the judgment. Employer relies on the rule that "[t]his court must affirm the judgment if it is correct on any ground." Such was the rule until the Legislature amended the summary judgment statute in 2002.

Code of Civil Procedure section 437c, subdivision (m)(2) now provides: "Before a reviewing court affirms an order granting summary judgment or summary adjudication on a ground not relied upon by the trial court, the reviewing court shall afford the parties an opportunity to present their views

on the issue by submitting supplemental briefs. The supplemental briefing may include an argument that additional evidence relating to that ground exists, but that the party has not had an adequate opportunity to present the evidence or to conduct discovery on the issue. The court may reverse or remand based upon the supplemental briefing to allow the parties to present additional evidence or to conduct discovery on the issue."

In view of the history and record in this case, we will reverse and remand the case to the trial court to permit the trial court to rule upon the additional grounds urged in support of the summary judgment motion and to determine whether the parties should be afforded an opportunity to present additional evidence and to conduct discovery.

## DISPOSITION

The judgment is reversed. The case is remanded for the trial court to consider the additional grounds urged for the grant of summary judgment and to determine whether the parties should be afforded an opportunity to present additional evidence and conduct discovery in connection therewith. Appellants are awarded costs on appeal.

O'Leary, J., and Fybel, J., concurred.