Filed 10/10/13  Pulido v. Reaver CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| ALBERTO PULIDO, | |
| Plaintiff and Appellant, | E055655 |
| v. | (Super.Ct.No. RIC396282) |
| DAVID REAVER et al., | OPINION |
| Defendants and Respondents. | |

APPEAL from the Superior Court of Riverside County.  Stephen D. Cunnison, Judge.  (Retired judge of the Riverside Super. Ct. assigned by the Chief Justice pursuant to art. VI, § 6 of the Cal. Const.)  Reversed.

Robert Mann and Donald W. Cook for Plaintiff and Appellant.

Klute & Newton and Edward Wallace Dingman for Defendants and Respondents.

1

This case presents the question of whether plaintiff was required to proffer expert testimony as to the standard of care applicable to a professional dog trainer in order to establish a breach of that standard of care. The superior court found that such evidence was required. We disagree and reverse.

PROCEDURAL HISTORY AND FACTS

On July 14, 2003, plaintiff and appellant Alberto Pulido filed a complaint for damages in the Superior Court of Riverside County against David Reaver (Reaver) and Adlerhorst International Inc.,[1] the City of El Segundo, the El Segundo Police Department, Jack Wayt, and Officer Leyman. Over the years, the case was disposed of as to all defendants except for Reaver.

The complaint alleged that plaintiff was a parole officer for the State of California. On July 8, 2002, he was searching for a parolee to take into custody. El Segundo police officers were assisting in the search, including a canine unit. Officer Leyman was in charge of the police dog. The complaint also alleged that the officer released the dog, knowing it would probably bite whomever it found. The dog attacked and injured plaintiff.

The complaint further alleged that Reaver trained the dog and its handler under contract with the City of El Segundo. Without repeating all of the allegations against Reaver, it is sufficient to say that the complaint alleged that the training provided by Reaver to the dog and its handler, Leyman, "was grossly and wantonly defective."

---

[1] Additionally, the complaint alleged that Alderhorst is a California corporation, which is wholly owned by defendant Reaver. Reaver does not dispute the allegation.

2

The complaint then alleged causes of action for excessive force (42 U.S.C. § 1983), civil rights violations (Civ. Code, § 52.1), battery, and negligence. The negligence cause of action was directed at Reaver, the City of El Segundo, and the El Segundo Police Department.

In October 2003, the matter was removed to the United States District Court for the Central District of California. In the pretrial conference order dated November 8, 2004, plaintiff asserted only a negligence claim against Reaver.[2]

On the first day of trial, the Honorable Manuel Real stated that there would be no expert testimony in the case because no one had been designated as an expert. Judge Real then found that "it's the testimony of an expert that tells the standard of care." The matter was then dismissed against Reaver.

The judgment of dismissal found that plaintiff's allegations of Reaver's negligence were "not the type of negligence which could be determined by lay persons from their common sense and without the need for expert testimony." Plaintiff appealed to the United States Court of Appeals, Ninth Circuit.

In a memorandum decision filed December 18, 2007, the Ninth Circuit three-judge panel held that: "The district court also erred in dismissing [plaintiff]'s negligence claim when it found, as a matter of state law, that [plaintiff] could not establish negligence because he had not designated an expert." It also said: "Nothing in either the Federal

---

[2] By our court's order filed September 21, 2012, we reserved ruling on plaintiff's request for judicial notice for consideration with this appeal. We now grant the request for judicial notice.

3

Rules of Evidence or California law mandates the designation of an expert witness in this case."

The Ninth Circuit decision concluded: "We can find no evidence that California law requires expert testimony in a dog-bite case. We think that a jury may, without expert testimony, infer that police-trained dogs are not trained to bite non-suspects and then not release despite efforts by the handler to call off the dog. It is possible that [plaintiff] will not ultimately prevail on his negligence claim without an expert witness, but he may present his case."

Following the Ninth Circuit's decision, a first amended complaint for damages was filed on February 6, 2008, in the district court.

On September 3, 2008, Judge Real remanded the matter "to state court in that the only claims at issue are state law claims."

Upon remand to the superior court, the City of El Segundo successfully moved for summary judgment. That left Reaver as the only defendant, and the only claim against him was negligence.

The specific negligence allegations were defendants, including Reaver, "negligently permitted a police dog to attack and bite plaintiff when they knew or should have known, in the exercise of ordinary care, that the use of such dog was unnecessary, and that the use of the dog created a substantial probability of causing serious injury to plaintiff." It is further alleged that Reaver "had a duty to adequately train, supervise and monitor the dog handlers and dogs in the Department's canine units. Despite their duty

to do so, these defendants negligently trained, supervised and monitored the dog handlers and dogs in the Department's Canine Units."

On November 7, 2011, trial began with consideration of in limine motions. Reaver filed a motion in limine to preclude expert witness testimony. Plaintiff did not oppose the motion because he had not designated any experts.

The superior court heard arguments on the issue of whether plaintiff could prevail on a negligence claim without expert testimony. Plaintiff argued that he intended to use Reaver's admissions to establish a breach of the duty of care, and expert testimony was not required. After hearing an offer of proof, the superior court concluded that the proffered evidence did not establish a standard of care without expert testimony, nor "does it give the jury a basis on which to establish a standard of care on the usual reasonable man basis."

After further consideration, the parties agreed that a judgment of nonsuit was the appropriate disposition of the case in light of the superior court's ruling. A judgment of nonsuit incorporating the superior court's ruling was filed on November 21, 2011. This appeal followed.

                                    ISSUES

Plaintiff raises the following issues on appeal: (1) The law of the case applies and the superior court was obligated to follow the Ninth Circuit's opinion in this case; (2) plaintiff's proffered evidence showed a breach of the standard of care; and (3) if expert testimony was required, the superior court should have granted plaintiff leave to designate an expert.

5

We find the first issue dispositive.

## LAW OF THE CASE DOCTRINE

"If a case is first tried, and the judgment rendered is reversed on appeal, it will ordinarily be tried again (except where the reversal is with directions to enter judgment). [Citation.] And after retrial (and in some situations after a judgment is entered pursuant to directions), another appeal may be taken. The doctrine of 'law of the case' deals with the effect of the first appellate decision on the subsequent retrial or appeal. The decision of an appellate court, stating a rule of law necessary to the decision of the case, conclusively establishes that rule and makes it determinative of the rights of the same parties in any subsequent retrial or appeal in the same case." (9 Witkin, California Procedure (5th ed. 2008) Appeal, § 459, p. 515.) Witkin's statement of the rule was quoted by our Supreme Court in *Nally v. Grace Community Church* (1988) 47 Cal.3d 278, 301-302.

In the recent case of *Sargon Enterprises, Inc. v. University of Southern California* (2013) 215 Cal.App.4th 1495, the court said: "Under that doctrine, '"the decision of an appellate court, stating a rule of law necessary to the decision of the case, conclusively establishes that rule and makes it determinative of the rights of the same parties in any subsequent retrial or appeal in the same case."'" [Citation.] The doctrine applies to decisions of intermediate appellate courts as well as courts of last resort. The doctrine promotes finality by preventing relitigation of issues previously decided. [Citation.] Although the doctrine does not apply to points of law that might have been determined, but were not decided in the prior appeal, the doctrine does extend to questions that were

6

implicitly determined because they were essential to the prior decision. [Citations.] 'The doctrine is one of procedure that prevents parties from seeking reconsideration of an issue already decided absent some significant change in circumstances.' [Citation.]" (*Id*. at p. 1505.)

In the present case, both the superior and district courts held that expert testimony was required to establish the applicable standard of care applicable to police dog trainers. A three-judge panel of the Ninth Circuit reversed the district court and held that it erred "in dismissing [plaintiff]'s negligence claim when it found, as a matter of state law, that [plaintiff] could not establish negligence because he had not designated an expert." It specifically found that California law does not mandate the designation of an expert in this case.

Nevertheless, the state superior court reconsidered the issue while deciding the motion in limine and again held that expert testimony was required to establish a standard of care. The law of the case doctrine was intended to prevent such relitigation of an issue that was previously decided by an appellate court, and it clearly applies here.[3]

---

[3] Reaver contends that plaintiff failed to raise this issue in the superior court. However, while not emphasizing the issue, plaintiff's counsel did state: "[O]ne of the reasons why we all knew that it [the issue of whether an expert witness was required] was a potential issue here, this case was originally in federal court and was dismissed on the first day of trial. And one of the arguments made to the [N]inth [C]ircuit is that, even if the dismissal was made for other reasons, [it] was improper. Plaintiff couldn't go forward with this case because as in that court, there was no designation of an expert. The [N]inth [C]ircuit still reversed."

However, a state court, including this court, is not required to follow a federal appellate court interpretation of state law, and the question arises whether the Ninth Circuit decision is binding on the superior or this court.

Plaintiff cites a case that provides the answer to this question. In *Adams v. Pacific Bell Directory* (2003) 111 Cal.App.4th 93 (*Adams*), Pacific Bell employees sued their employer, claiming that its practice of debiting employees' commissions was unlawful under California law, even though the practice was expressly permitted by their collective bargaining agreement. (*Id*. at p. 95.) The employer removed the case to federal court. That court held that the federal law governing collective bargaining agreements preempted the employees' state law claims. Finding no preemption, the Ninth Circuit reversed and remanded the case to the state court. (*Ibid*.) The superior court then held that preemption did apply. (*Ibid*.) On appeal, our colleagues in Division Three held that "the policies supporting application of the doctrine of 'law of the case' permit us to follow the determination made by the federal appellate court." (*Id*. at p. 96.)

Explaining the decision, the *Adams* court said: "'[W]here an appellate court states in its opinion a principle of law necessary to the decision, that principle becomes law of the case and must be adhered to in all subsequent proceedings, including appeals. [Citations.]' [Citation.] We recognize that the law of the case doctrine is not absolute; it 'is merely a rule of procedure and does not go to the power of the court . . . .' [Citation.] Further, we are not required to adhere to decisions by the federal appellate courts, even on questions of federal law. [Citation.] [¶] But, although not binding, we give great weight to federal appellate court decisions. [Citation.] This is particularly true in the

context of their determination of federal law, as happened here. [Citation.] Thus, in this instance, we believe it is appropriate to apply the principles of the law of the case." (*Adams*, *supra*, 111 Cal.App.4th at pp. 97-98.) As in *Adams*, we agree that the law of the case doctrine should be applied in this case, even though the federal court's decision concerned state law rather than federal law.

DISPOSITION

The judgment is reversed. Plaintiff to recover his costs on appeal.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

McKINSTER
J.

We concur:

RAMIREZ
P. J.

KING
J.