[S. F. No. 174. Department One.—August 7, 1896.]

CHARLES H. HAILE, RESPONDENT, v. LYMAN SMITH, APPELLANT.

VENDOR AND PURCHASER—ACTION OF EJECTMENT BY VENDOR—PLEADING—TENDER OF DEED.—A complaint in ejectment by a vendor against a purchaser need not set out the deed tendered to the defendant, and the averment that he tendered a good and sufficient deed of grant, bargain, and sale to the property shows a compliance with his part of the agreement.

ID.—TIME OF TENDER—PROVISION MAKING TIME OF ESSENCE.—The vendor does not lose his right of action for the recovery of the land by not tendering the deed upon the day when the last payment fell due; and the provision making time of the essence of the agreement does not authorize the vendee, by failing to make the payments agreed upon, to treat the contract as rescinded.

ID.—DEFENSE TO EJECTMENT—CONTINUING CONTRACT OF SALE—TENDER BY DEFENDANT.—The vendor cannot maintain an action to recover possession of the land held under the contract of sale, so long as the vendee continues to recognize the validity of the agreement, and to perform its terms; and an answer denying the tender of a good and sufficient deed for the land, and alleging that defendant has performed all the covenants of the contract on his part, and that, before the date of the alleged tender of a deed by plaintiff, he had tendered the full amount of the last payment, and demanded a conveyance of the land according to the agreement, which demand was refused by plaintiff, and that he had ever since

been able, ready, and willing to make such payment upon receipt of a sufficient deed from plaintiff, states a defense to the action.

ID. — UNACCEPTED TENDER OF PURCHASE MONEY — RELEASE OF LAND FROM CLAIM—SUBSEQUENT TENDER OF DEED.—An unaccepted tender of purchase money, though not releasing the purchaser from his obligation to pay the money, has the effect to release the land from any further claim thereto by the vendor, and to remit the vendor to his personal claim for the purchase money, and a subsequent tender of a deed and refusal to pay cannot give to the vendor a right to recover possession of the land.

ID.—PLEADING—DATE OF TENDER—UNCERTAINTY.—An answer averring a tender of the purchase money on or about a certain date is sufficient as against a general demurrer, in the absence of a special demurrer for uncertainty; and it is sufficient that the answer shows a tender of the purchase money while the plaintiff was treating the agreement in force, though the tender was made after the date fixed by the contract.

ID.—AVERMENT OF PLAINTIFF'S TITLE.—The allegation of the complaint that at the date of the agreement plaintiff was the owner of the land in fee simple, and that after the maturity of the agreement he tendered to defendant a good and sufficient deed of the lots, is a sufficient averment of plaintiff's title.

ID.—LIEN FOR PURCHASE MONEY NOT INVOLVED.—A lien of the purchaser upon the land as security for the payment made by him exists only when he is entitled to recover back the payment in case of failure of consideration, and is not involved in an action of ejectment by the vendor when the purchaser relies upon the agreement as being in force, and as entitling him to remain in possession of the land, which he cannot retain and at the same time recover the amount paid under the contract.

APPEAL from a judgment of the Superior Court of Alameda County.    F. B. OGDEN, Judge.

The facts are stated in the opinion of the court.

*N. J. Manson,* for Appellant.

The demurrer to the second amended complaint should have been sustained, because the deed alleged to have been tendered was not set out. If it had been, it would have shown that the suit did not stand in the name of the real party in interest. (Code Civ. Proc., sec. 367; *Bohall* v. *Diller,* 41 Cal. 532; *Kelly* v. *Mack,* 45 Cal. 303.)    The demurrer should have been sustained, also, because time was of the essence of the contract, and the alleged tender of a deed occurred fifteen days after the time fixed in the contract. (*Kelly* v. *Mack, supra; Bohall* v. *Diller, supra;* 2 Story's Equity Juris-

prudence, sec. 776; Fry on Specific Performance, secs. 859, 1046, 1343; *Beverly* v. *Blackwood,* 102 Cal. 83; Civ. Code, sec. 3394.) There was no allegation that the deed tendered conveyed title. (2 Minor's Institutes, 779, 866; *Haynes* v. *White,* 55 Cal. 38; 1 Sugden on Vendors, 373, 374; 2 Sugden on Vendors, 3; *Roach* v. *Dickinsons,* 9 Gratt. 154; *Brockenbrough* v. *Ward,* 4 Rand. 352; *Bohall* v. *Diller, supra; Easton* v. *Montgomery,* 90 Cal. 307; 25 Am. St. Rep. 123; *Reynolds* v. *Borel,* 86 Cal. 538; Fry on Specific Performance, sec. 859; *Stevenson* v. *Buxton,* 15 Abb. Pr. 352; *Watts* v. *Waddle,* 6 Pet. 389; *Garnett* v. *Macon,* 2 Brock. 185; Civ. Code, sec. 3394.) Plaintiff cannot maintain ejectment without restoring the purchase money. (*Willis* v. *Wozencraft,* 22 Cal. 608; *Bohall* v. *Diller, supra; Love* v. *Watkins,* 40 Cal. 548; 6 Am. Rep. 624; *Wilson* v. *Sturgis,* 71 Cal. 229; *Beverly* v. *Blackwood,* 102 Cal. 84.) Upon this land a special lien is given by the laws of this state, independent of possession, and it should be fully recognized in this action when it is set up and claimed. (Civ. Code, sec. 3050; *Benson* v. *Shotwell,* 103 Cal. 168.) It fully appears from both the answer and equitable defense that every dollar has been paid or tendered plaintiff within the time named in the contract. This constitutes a complete equity. (*Love* v. *Watkins, supra; Willis* v. *Wozencraft, supra; Wallace* v. *McLaughlin,* 57 Ill. 53; *Boone* v. *Chiles,* 10 Pet. 224, 225.)

*Snook & Church,* for Respondent.

The terms "good and sufficient deed," or "good and sufficient conveyance," are terms which mean the conveyance of title. (*Haynes* v. *White,* 55 Cal. 39; *Gates* v. *McLean,* 70 Cal. 45.) There is no rule of pleading requiring the deed should be set out *in hæc verba.* (*Green* v. *Palmer,* 15 Cal. 411; 76 Am. Dec. 492; *Bowen* v. *Aubrey,* 22 Cal. 566; *Guy* v. *Washburn,* 23 Cal. 112; *Siter* v. *Jewett,* 33 Cal. 92; *Fredericks* v. *Tracy,* 98 Cal. 658.) Plaintiff was not required to allege facts showing that he had a good title. (*Gates* v. *McLean, supra.*) Respondent is not bound by the covenant that time shall be of the

essence of the agreement, but it is expressly made of the essence of the agreement on the part of defendant. (*Newton* v. *Hull*, 90 Cal. 490, and cases cited; *Grey* v. *Tubbs*, 43 Cal. 359; *Bradford* v. *Parkhurst*, 96 Cal. 102; 31 Am. St. Rep. 189.) A vendee in possession of land cannot repudiate his contract of purchase, and at the same time hold the possession under it and by virtue of it. (*Hicks* v. *Lovell*, 64 Cal. 14; 49 Am. Rep. 679; *Gates* v. *McLean, supra; Snodgrass* v. *Parks*, 79 Cal. 58; *Pierce* v. *Tuttle*, 53 Barb. 155; *McIndoe* v. *Morman*, 26 Wis. 588; 7 Am. Dec. 96; *Rhorer* v. *Bila*, 83 Cal. 55; *Whittier* v. *Stege*, 61 Cal. 241.) It is not necessary to put the vendee in *statu quo*, nor for the vendor to rescind the contract, or to return any part of the purchase price, before bringing his action in ejectment. (*Hannan* v. *McNickle*, 82 Cal. 122.) In order to maintain an equitable defense, the purchaser under the contract must show that he is not in default. (*Hannan* v. *McNickle, supra; Hicks* v. *Lovell, supra; Central Pac. R. R. Co.* v. *Mudd*, 59 Cal. 585; *Hoffman* v. *Remnant*, 72 Cal. 1; *Connolly* v. *Hingley*, 82 Cal. 642; *Rhorer* v. *Bila, supra; Englander* v. *Rogers*, 41 Cal. 422; *Barsolou* v. *Newton*, 63 Cal. 226.)

HARRISON, J.—Ejectment.

The plaintiff alleges that on the 24th of September, 1891, he was the owner in fee of a certain lot of land in Alameda, and that, on that day, he entered into an agreement with the defendant for the conveyance of the land to him upon certain terms therein expressed. By the terms of the agreement, which is set forth at length in the complaint, the defendant agreed to pay for the land three hundred and fifty dollars, one hundred dollars at its execution, one hundred dollars before January 1, 1892, and the balance, one hundred and fifty dollars, on or before January 1, 1893. The time for this last payment was subsequently extended for another year. The agreement also contains the following clause: "Time is the essence of this agreement, and a failure to comply with the terms hereof, or to make the

payments for said premises as herein provided, for a period exceeding sixty days from the date when any payment shall become due and payable by the said party of the second part, the said party of the first part shall be released from all obligations in law or equity to convey said property, and said party of the second part shall forfeit all right thereto, together with the improvements at the time thereon, and all payments theretofore made." Immediately after the execution of the agreement the defendant entered into possession of the property, and has continued to remain in such possession. It is also alleged in the complaint that the defendant has not made the last payment required by the agreement, and that, on or about the fifteenth day of March, 1894, the plaintiff tendered to the defendant a good and sufficient deed of grant, bargain, and sale to the property above described, and demanded said payment, which the defendant refused, and still refuses, to pay, and that the same has not been paid, and that thereafter, April 11, 1894, he demanded possession of the premises, but the defendant unlawfully withholds the same, to his damage in the sum of seventy-five dollars. Plaintiff thereupon asks judgment for the restitution of the land. To this complaint the defendant filed a general demurrer, which was overruled, and thereafter he filed an answer admitting the execution of the agreement, and alleging that he has faithfully performed all the agreements therein to be performed by him. He also alleges that, on or about the first day of March, and before the alleged tender of a deed by the plaintiff, he tendered to the plaintiff the balance of said purchase money, and demanded a conveyance of said land, which was refused by the plaintiff. The defendant also filed a cross-complaint, setting forth the agreement with the plaintiff, and substantially the same matters as are alleged in his answer, and that, by reason of the premises, he has an equitable title to the land, which he asks to have protected. The plaintiff demurred to the answer, and also to the cross-complaint,

and his demurrers were sustained by the court. The defendant, declining to amend, judgment was entered against him as upon his default, and in favor of the plaintiff according to the prayer of his complaint. From this judgment the defendant has appealed.

1. The demurrer to the complaint was properly overruled. It was not necessary for the plaintiff to set out the deed which he tendered to the defendant. The averment that he tendered "a good and sufficient deed of grant, bargain, and sale to the property" showed a compliance with his part of the agreement. This averment is in the precise language of his agreement, and was the fact to be averred. A copy of the deed would have been only evidence of this fact. The plaintiff did not lose his right of action for the recovery of the land by not tendering the deed upon the day when the last payment fell due. The provision by which time is made the essence of the agreement did not authorize the defendant, by failing to make the payments agreed upon, to treat the contract as rescinded. (*Newton* v. *Hull*, 90 Cal. 487; *Scott* v. *Glenn*, 98 Cal. 168.)

2. The demurrer to the answer and to the cross-complaint should have been overruled. The plaintiff could not maintain an action to recover the possession of the land held by the defendant, by virtue of the agreement, so long as the defendant continued to recognize the validity of the agreement and to perform its terms. The particular in which the plaintiff alleges that the defendant failed to observe his agreement is in not making the last payment for the land; and, for the purpose of showing that the defendant had repudiated the agreement, the plaintiff alleged that subsequent to the time for making said payment he tendered a conveyance to the defendant, and demanded the payment from him, which the defendant refused. In his answer the defendant alleges that he has performed all the covenants of the agreement to be performed by him, and that before the date of the alleged tender of a deed by the plaintiff, he had tendered to the plaintiff the full amount of the

last payment, and demanded a conveyance of the land according to the agreement, but that the plaintiff had refused to comply therewith; and that he had ever since been able, ready, and willing to make said payment upon the receipt from the plaintiff of the deed according to his covenant in the agreement. He also denied that the plaintiff had ever tendered to him his good and sufficient deed of grant, bargain, and sale for the land. These allegations presented a defense to the plaintiff's complaint, and raised issues of fact which should have been tried before a judgment could be rendered in the action.

If the defendant tendered to the plaintiff the full amount of the purchase money before the plaintiff tendered to him the deed, and the plaintiff refused to accept such tender and to make the conveyance which he had agreed to make, a subsequent tender of conveyance and demand of payment by the plaintiff, and a refusal of the defendant, did not give to the plaintiff the right to recover the possession of the land. While the unaccepted tender did not release the defendant from his obligation to pay the money, it had the effect to release the land from any further claim thereto by the plaintiff, and to remit the plaintiff to his personal claim for the money. "An offer of payment or other performance, duly made, though the title to the thing offered be not transferred to the creditor, stops the running of interest on the obligation, and has the same effect upon all its incidents as a performance thereof." (Civ. Code, sec. 1504.) The plaintiff's right to recover the land is one of the incidents to the defendant's obligation which would have been extinguished by the payment of the purchase money, and, by the terms of this section, the tender of such payment had the same effect. A tender of the amount of a debt, though refused, extinguishes the lien of a pledgee, and will entitle the pledgor to recover the property pledged. (*Loughborough* v. *McNevin*, 74 Cal. 250; 5 Am. St. Rep. 435.) "The principle governing the subject is that tender is equivalent to payment as to

all things which are incidental and accessorial to the debt. The creditor, by refusing to accept, does not forfeit his right to the thing tendered, but he does lose all collateral benefits or securities. The instantaneous effect is to discharge any collateral lien, as a pledge of goods or right of distress." (*Tiffany* v. *St. John*, 65 N. Y. 318; 22 Am. Rep. 612.)

The averment in the answer that the tender of the money was made "on or about the first day of March" was sufficient as against a general demurrer. If the plaintiff would have objected to the averment on the ground of its uncertainty, he should have demurred upon that ground. By the terms of the agreement, there could be no forfeiture unless the defendant failed to make the payment "for a period exceeding sixty days" from January 1, 1894. This authorized a payment at any time prior to March 3d; and the defendant could also make the payment after that date, so long as the plaintiff treated the agreement as in force. The tender of the deed by the plaintiff "on or about March 15th" shows that up to that date he recognized the agreement as in force, and the allegation in the answer is that the payment was tendered "before the alleged tender of a deed by plaintiff."

Counsel have discussed the validity of the title held by the plaintiff, and also the character of the conveyance tendered or to be tendered by him, but these questions do not arise upon this appeal, and it would not be proper to anticipate them before the parties have offered the evidence thereof at the trial. The rule that "a good and sufficient conveyance" means a conveyance which will transfer the title, as well as the rule that the parties to a contract of sale may agree upon the character of the conveyance to be made by the vendor, are equally to be considered in the construction of such contract. The allegation in the complaint that at the date of the agreement the plaintiff was the owner in fee-simple of the land, and that, after the maturity of the agreement, he tendered to the defendant a good and sufficient deed

of the lots, was a sufficient averment of the plaintiff's title.

Neither is the right of the defendant to a lien upon the land, as security for the payments made by him, involved in this appeal. Such lien exists only when the vendee is entitled to recover back the payment in case of failure of consideration, and is "independent of possession." (Civ. Code, sec. 3050.) In the present case the defendant relies upon the agreement as being in force, and as entitling him to remain in possession of the land, and pleads a full performance on his part; and, so long as he treats the contract of the plaintiff as in force, he is not entitled to recover the amount paid by him. He cannot retain the possession and at the same time recover the amount paid under the contract. (*Hannan* v. *McNickle*, 82 Cal. 122.)

The judgment is reversed, and the superior court is directed to overrule the demurrer to the answer and the demurrer to the cross-complaint, and to allow the plaintiff a reasonable time within which to answer the cross-complaint.

GAROUTTE, J., and VAN FLEET, J., concurred.