[Civ. No. 1908.  First Appellate District.—July 10, 1917.]

WILLIAM MILLER, Appellant, v. J. B. LANKTREE et al., Respondents; ELLA M. MURPHY, Intervener and Respondent.

MORTGAGE—REDEMPTION—TENDER—ACCEPTANCE.—In making a redemption from a mortgage foreclosure, it is not necessary that the redemptioner should disclose the particular capacity in which he is acting, since the holder of the certificate of sale is obliged to accept the tender of the amount required by the statute from a party entitled to redeem in any capacity.

APPEAL from a judgment of the Superior Court of Alameda County.  J. J. Trabucco, Judge Presiding.

The facts are stated in the opinion of the court.

Daniel O'Connell, for Appellant.

E. C. Harrison, M. E. Harrison, and T. C. Huxley, for Respondents.

RICHARDS, J.—This is an appeal by the plaintiff from the judgment of the trial court refusing to issue a writ of mandate upon the plaintiff's application therefor to compel the defendant, J. B. Lanktree, as the commissioner upon a

foreclosure sale, to issue a commissioner's deed to the plaintiff as the purchaser at said sale, upon the ground that no redemption of the property involved in such sale had been made within the time required by law.

The defense to this application urged both by said commissioner and by the defendant, W. M. Roberts, and the intervener, Ella M. Murphy, was that a redemption of the property had been accomplished within the time provided by law.

The facts of the case essential to its decision are these: The original action for the foreclosure of a mortgage out of which this proceeding arose was begun by Berkeley Bank of Savings and Trust Company against Herman Murphy, Ella M. Murphy, his wife, and several other defendants. Prior to the judgment in said action the plaintiff herein was substituted for the plaintiff in that action, and thereupon judgment went in his favor against all of the defendants for the foreclosure of said mortgage and the sale of the property involved therein, by J. B. Lanktree, who was appointed commissioner of the court for that purpose, and who, having duly qualified, proceeded to sell the same for the satisfaction of the judgment, amounting to the sum of $7,837.35. The plaintiff was the purchaser at said foreclosure sale, bidding therefor the sum of six thousand five hundred dollars. The record shows that prior to the rendition of said judgment in the foreclosure proceeding the defendant, Herman Murphy, had conveyed the premises in question to his wife, Ella M. Murphy, by deed of gift; that Ella M. Murphy had thereafter conveyed the same to a corporation known as the Progressive Investment Company, which had later reconveyed the property to her. It further appears that William M. Roberts, named as a defendant in the present proceeding, was a judgment creditor of said Herman Murphy by virtue of assigned claims of several other judgment creditors having accrued liens upon the property subsequent and subject to the lien or liens of the plaintiff. Within the time required by law to effect a redemption of the property sold by the commissioner upon foreclosure sale Ella M. Murphy, one of the defendants in the original action and the intervener in the present proceeding, tendered in cash the sum of $7,416.19 to effect a redemption of the property. This sum covered the amount of the purchase price by the plaintiff at the foreclosure sale with ac-

crued interest and taxes, and was, it is conceded, sufficient
in amount to have effected a redemption of the property by
said Ella M. Murphy in her capacity as an original judgment
creditor; but the plaintiff, in his capacity as purchaser at the
foreclosure sale, refused to accept said tender, claiming at the
time thereof and still insisting that he was entitled to require
that the said Ella M. Murphy, the proposed redemptioner,
should make a disclosure as to whether she was tendering
said sum and offering to redeem the property in her capacity
as an original judgment creditor, or as the successor in inter-
est of her codefendant, Herman M. Murphy, the original
owner and mortgagor of the property.

We think there is no merit in this contention. If the de-
fendant, Ella M. Murphy, in the former action was entitled
to redeem in any capacity, and tendered to the purchaser at
the foreclosure sale the amount required by the statute to
effect such redemption, the holder of the certificate of sale
was bound to accept such tender, and was not entitled to be
informed in what particular capacity the redemptioner was
acting. (*Pollard* v. *Harlow,* 138 Cal. 390, [71 Pac. 454,
648].)

This practically disposes of the case. The appellant under-
takes to argue at considerable length the evidence educed at
the trial as to the facts and circumstances attending the mak-
ing of the tender in question as tending to show a want of
good faith in the proposed redemption in making the same;
but as to this we are of the opinion that at most a conflict
in the evidence was presented which it was the proper province
of the trial court to resolve in favor of either of the parties
to the proceeding, and his discretion in making his findings
thereon in the defendants' and intervener's favor will not
be reviewed upon this appeal.

The same rule applies to the attack made by the appellant
upon the sufficiency of the proof of Ella M. Murphy's title
as the asserted successor in interest of her husband, although
in view of what has heretofore been said this is not a material
issue in the case.

Neither do we regard the points made by the appellant
touching the sufficiency of the alleged tender of William M.
Roberts in his effort at a redemption of the property im-
portant to this decision in view of our holding as to the suffi-
ciency of the tender made by Ella M. Murphy, which had

the effect of defeating the right of the plaintiff in the original action to have issued to him in his capacity of purchaser at the foreclosure sale a commissioner's deed, or to now compel in this proceeding the issuance of such deed to him.

Judgment affirmed.

Beasly, J., *pro tem.,* and Kerrigan, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on August 9, 1917, and a petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on September 6, 1917.