[Civ. No. 207. Fourth Appellate District.—July 9, 1930.]

H. F. WIEMEYER et al., Respondents, v. SOUTHERN TRUST AND COMMERCE BANK (a Corporation), Executor, etc., Appellant.

Gray, Cary, Ames & Driscoll and A. Haines for Appellant.

Herbert C. Kelly for Respondents.

AMES, J., *pro tem.*—Respondents filed a complaint in the Superior Court of San Diego County for the purpose of foreclosing a mortgage upon real property. A demurrer to

defendant's amended answer having been sustained, without leave to amend, a decree of foreclosure was entered. From this decree defendant appeals on the judgment-roll alone.

The facts material to this controversy as alleged in the complaint are as follows: That on or about the sixth day of July, 1926, George H. Thompson executed and delivered to plaintiffs two certain promissory notes in the respective sums of $250 and $1750. The first of said notes was payable on or before six months after August 1, 1926, and the other of said notes was payable three years after that date. Both of said notes drew interest at the rate of seven per cent per annum, payable quarterly and. compounded quarterly. Each of said notes contained a provision accelerating its maturity upon failure to pay interest when due, and the following provision with respect to attorney's fees: "Should suit be commenced, or an attorney employed to enforce the payment of this note, I agree to pay an additional sum of ten per cent on principal and accrued interest, as attorney's fees."

That at the time of delivering said notes, and to secure the payment thereof, said George H. Thompson executed and delivered to plaintiffs a mortgage upon certain real property situate in the city of San Diego. Said mortgage is in the usual form of a real property mortgage and provided among other things that the mortgagor mortgaged the real property therein described to secure the performance of its obligations and for the purpose also of securing "the payment of all costs and expenses in any action brought to foreclose this mortgage, whether suit progress to judgment or not; .and also such sums as said mortgagee may pay for searching title to the mortgaged property, or for surveying said property, all of which said sums, including the attorney's fees specified in said note, are hereby declared a lien upon said property and are secured hereby."

It further appears from said complaint that on or about the sixth day of October, 1926, George H. Thompson died and that thereafter appellant was appointed executor of the last will and testament of said deceased, letters testamentary having been issued to it on or about the twenty-ninth day of November, 1926.

That prior to December 29, 1926, and after the issuance of letters testamentary to appellant, respondents presented to

appellant, as such executor, their claim against the estate of said deceased based upon said promissory notes and mortgage. The claim is in due form, verified by respondents, and sets forth their demand in the following language:

"Notes for $250.00 and $1750.00 both dated July 6, 1926, secured by mortgage on N. 8-1/3 feet of Lot 38; all Lot 39 and S. 8-1/3 feet of Lot 40; in Block 64 of City Heights in the City of San Diego, California; copies of which notes and mortgage are hereunto attached, $2,000.00.

"Interest on $2,000.00 @ 7% per annum, compounded quarterly from August 1st, 1926, to date of payment or allowance of claim."

Copies of the promissory notes and mortgage are annexed to said claim. It will be noted that no demand is made for attorney's fees, or any obligation incurred by reason of the employment of an attorney to enforce the payment of said notes, but there is appended to said claim the following statement: "Contingent claim for all rights and items specified in said mortgage." That on or about the twenty-ninth day of December, 1926, said claim was allowed and approved by said executor, it having indorsed upon said claim, above its signature the following:

"The within claim is allowed and approved for $2000.00 and interest @ 7% this 29th day of December, 1926."

That on or about the first day of March, 1927, the judge of the superior court allowed and approved the claim by indorsing thereon, above his signature, the following:

"The within claim is allowed and approved for $2,000.00 and interest at 7% this 1 day of March, 1927."

It is alleged in paragraph nine of said complaint that plaintiffs employed an attorney to enforce the payment of said notes and to bring this action for foreclosure, and had obligated themselves to pay said attorney such reasonable fee thereof as may be fixed by the court, and that a reasonable attorney's fee to be allowed plaintiffs is the amount fixed by the rules of said superior court. It is also alleged that plaintiffs have expended the sum of $20 for searching the title to said mortgaged property for the purpose of bringing said foreclosure action.

The amended answer, after admitting the execution and delivery of said promissory notes and mortgage and the due recordation of the latter, denies for want of information

or belief "that plaintiffs have employed an attorney to enforce the payment of the notes referred to in said complaint and to bring this action for foreclosure; or that plaintiffs have obligated themselves to pay said attorney such reasonable fee therefor as may be fixed by this court in this proceeding"; and further denies that any attorney fee has accrued to plaintiffs in said action; denies for want of information and belief that the plaintiffs have expended the sum of $20 for searching the title to said mortgaged premises.

The amended answer further alleges that on or about the first day of March, 1927, it came to the knowledge of defendant that the attorney for the plaintiffs threatened in their behalf to commence foreclosure proceedings on the mortgage indebtedness mentioned in the complaint, whereupon said executor notified said attorney that it desired to advance the money to pay off said mortgage and requested that no foreclosure proceedings be brought, and that a statement of the amount required to satisfy said mortgage debt be furnished the defendant by the plaintiffs in order that it might pay the same. That thereafter, and on the fourteenth day of March, 1927, and about two weeks after such request had been made, the attorney for plaintiffs submitted to defendant a written communication, which is as follows:

> "Herbert C. Kelly
> "Lawyer
> "Southern Title Building
> "San Diego, California
> > "March 14th, 1927.

"Southern Trust and Commerce Bank,
"City.

"Gentlemen:

"Re: Estate of George H. Thompson dec'd.

"At the request of Judge Haines, attorney for the above entitled estate, this will advise you that the amount required for release of the Wiemeyer mortgage at the present time is as follows:

Principal ....................................$2000.00
Interest calculated to March 13th, 1927, at 7% compounded quarterly.........................  97.99

Expense foreclosure search, Union Title Company... 20.00
Attorney fee calculated according to Court Rule for
    uncontested cases (10 on first $1000.00—5% on
    balance) .................................. 154.40

    Total ...................................$2272.49

            "Very truly yours,
"G/K.               HERBERT C. KELLY."

That on March 15, 1927, and on the day after the date of the foregoing communication submitted by plaintiffs' attorney, the executor, appellant herein, delivered to the attorney for the plaintiffs a written tender which is in the following language:

"To H. F. Wiemeyer and Emma A. Wiemeyer, and to Herbert C. Kelly, Esq., Their Attorney:

"The undersigned Southern Trust and Commerce Bank as executor of the last will and testament of George H. Thompson, deceased, hereby tenders to you the amount, with interest, to this 15th day of March, 1927, at the rate of 7% per annum, payable quarterly from July 6, 1926, in the sum of $2000.00 principal, $88.74 interest, and $20.00 for alleged foreclosure search by the Union Title Insurance Company, making a total of $2108.74, in full satisfaction of the mortgage claim against said estate filed in behalf of said H. F. Wiemeyer and Emma A. Wiemeyer, allowed and approved March 1, 1927, by a Judge of the Superior Court in the sum of $2000.00 with the interest at the rate of 7% per annum.

               "Respectfully,
         "SOUTHERN TRUST AND COMMERCE BANK.
"A Corporation—As Executor of the Last Will and Testament of George H. Thompson, Deceased.

               "By M. G. RICHARDSON,
               "Assistant Trust Officer."

No objection to this tender or to the mode of the offer of performance on the part of respondents is disclosed by the pleadings and we must assume that no such objection was made.

The amended answer further alleges that no services were rendered by the attorney of respondents in the matter of said mortgage indebtedness prior to the institution of said action other than the presentation of the claim which had been theretofore allowed and approved. That the attorney's

fees demanded in said action are for the foreclosure of said mortgage as provided in rule XXXIV of the Superior Court of San Diego County, amounting to the sum of $154.40. That said rule XXXIV contains the following provision:

"When counsel fees are allowed in mortgage foreclosure cases, the following percentages shall be deemed reasonable compensation:

"In uncontested cases—for the first $1000, or part thereof, at the rate of ten percent, with a minimum of $50.00; for the next $4000, at the rate of five percent; for the next $5000 at the rate of three percent; for the next $40,000 at the rate of two percent. . . . "

Plaintiffs' demurrer to the amended answer having been sustained without leave to amend, judgment for the foreclosure of said mortgage was duly entered by the court. In the decree of foreclosure the court recited that it appeared that at the time of the argument of said demurrer, said executor made a verbal tender of the sum of $2,108.74, including the sum of $20 for said foreclosure search as alleged in the complaint. It will be noted that this sum included in addition to the sum of $20, the principal and accrued interest on said promissory notes, but no part of the amount demanded as attorney's fees was included therein. The decree further recites that said amount was paid by defendant to the clerk of said court on the second day of August, 1927.

In its decree the court awarded the plaintiffs the sum of $156.68 as attorney's fees in accordance with rule XXXIV of the rules of the Superior Court of San Diego County as set forth in the amended answer.

The complaint was verified on the 3d of March, 1927, three days after respondents' claim had been approved by the judge of the superior court and after the receipt by the respondents of the request for a statement of the amount due on the mortgage. It was filed on the fifteenth day of March, 1927, on the same day that the written tender of the amount claimed by defendant to be due plaintiffs was delivered to them through their attorney.

The question presented by this appeal is whether the court, under the issues as they were framed by the pleadings, was authorized to award respondents' counsel fees and the money advanced for searching title to the mortgaged prop-

erty. The appellant contends that a valid tender of the amount due respondents having been made in accordance with, and in response to their creditor's claim, as approved and allowed, any tender of an additional amount as attorney's fees or moneys advanced for a title search was not required in order to extinguish the lien of the mortgage. Respondents, on the other hand, maintain that they were not required to accept such tender because the attorney's fees and the money expended for a title search were not included therein and that the provisions in the promissory notes obligating the maker thereof to pay an additional sum of ten per cent of the principal and accrued interest, should suit be commenced or an attorney employed to enforce their payment, created an obligation at the time of the employment of said attorney and that such obligation is secured by the lien of the mortgage.

In the claim presented and allowed no demand is made by respondents for services of their counsel rendered up to that time, or to be thereafter rendered unless the statement contained in the creditor's claim for ''contingent claim for all rights and items specified in said mortgage'' could be construed as a claim for attorney's fees accruing by reason of the employment of counsel for the enforcement of the payment of said notes, as therein provided. But the first intimation to the appellant that respondents were demanding compensation for the services of their counsel is disclosed by the statement submitted by them on March 14, 1927. That statement contains an item for ''attorney fee calculated according to court rule for uncontested cases'' in the sum of $154.40, therein demanded as attorney's fees computed upon the amount of the principal and accrued interest due on said promissory notes as prescribed by said rule. This rule fixes and prescribes what shall be deemed reasonable compensation for counsel for services rendered in actions for the foreclosure of mortgages, but neither at the time of the presentation and allowance of its claim or the delivery of the statement of March 14, 1927, was any action for the foreclosure of said mortgage pending between the parties herein. In other words, counsel sought to recover a fee for services rendered in a contemplated action, not an existing one. He did not base his demand upon his mere employment to enforce payments of said notes, according to the literal provi-

sions of said promissory notes and neither in the creditor's claim presented and allowed nor in the statement rendered by him on March 14, 1927, did he disclose his intention to do so. We believe that, in preparing its tender of the amount due under the mortgage appellant was justified in disregarding the demand for counsel fees in the contemplated action. ■ Respondents further contend that the tender was insufficient because it was made to the attorney for respondents with whom the negotiations were being carried on, and while he was acting in that capacity. The inference from respondents' argument would be that appellant, having dealt with respondents' attorney in such capacity before the institution of the action, they should not now complain of an award of counsel fees for his services. But the argument is equally unsound for the reasons above set forth and we believe that appellant had a right to rely and act upon the contents of the creditor's claim, and the demand of March 14, 1927, disregarding the unauthorized demand for attorney's fees.

■ Respondents rely upon the rule which is well established in California that, after the presentation of a claim based upon a mortgage indebtedness, that the mortgagee may maintain his action, even though the claim has been approved and allowed and has become a recognized liability of the estate. (*German Sav. & Loan Soc.* v. *Hutchinson*, 68 Cal. 52 [8 Pac. 627]; 11 Cal. Jur. 1131.) But the rights of the parties are fixed and determined by and at the time of the offer to perform the obligation, provided, of course, that the tender is sufficient. ■ We think that in the instant case the tender and refusal without objection by respondents was effective as a discharge of the lien of the mortgage. Section 1504 of the Civil Code is as follows:

"An offer of payment or other performance, duly made, though the title to the thing offered be not transferred to the creditor, stops the running of interest on the obligation, and has the same effect upon all its incidents as a performance thereof."

Section 2905 of the Civil Code reads as follows:

"Redemption from a lien is made by performing, or offering to perform, the act for the performance of which it is a security, and paying, or offering to pay, the damage,

if any, to which the holder of the lien is entitled for delay.''

In the case of *Haile* v. *Smith,* 113 Cal. 656 [45 Pac. 872, 873], the court said:

''If the defendant tendered to the plaintiff the full amount of the purchase money before the plaintiff tendered to him the deed, and the plaintiff refused to accept such tender and to make the conveyance which he had agreed to make, a subsequent tender of conveyance and demand of payment by the plaintiff, and a refusal of the defendant, did not give to the plaintiff the right to recover the possession of the land. While the unaccepted tender did not release the defendant from his obligation to pay the money, it had the effect to release the land from any further claim thereto by the plaintiff, and to remit the plaintiff to his personal claim for the money. 'An offer of payment or other performance, duly made, though the title to the thing offered be not transferred to the creditor, stops the running of interest on the obligation, and has the same effect upon all its incidents as a performance thereof.' (Civ. Code, sec. 1504.) The plaintiff's right to recover the land is one of the incidents to the defendant's obligation which would have been extinguished by the payment of the purchase money, and, by the terms of this section, the tender of such payment had the same effect. A tender of the amount of a debt, though refused, extinguishes the lien of a pledge, and will entitle the pledgor to recover the property pledged. (*Loughborough* v. *McNevin,* 74 Cal. 250 [5 Am. St. Rep. 435, 14 Pac. 369, 15 Pac. 773].) 'The principle governing the subject is that tender is equivalent to payment as to all things which are incidental and accessorial to the debt. The creditor, by refusing to accept, does not forfeit his right to the thing tendered, but he does lose all collateral benefits or securities. The instantaneous effect is to discharge any collateral lien, as a pledge of goods or right of distress.' (*Tiffany* v. *St. John,* 65 N. Y. 318 [22 Am. Rep. 612].)''

The same rule is announced in *Leet* v. *Armbruster,* 143 Cal. 663 [77 Pac. 653], and in *Keifer* v. *Myers,* 14 Cal. App. 338 [111 Pac. 1038].

In the case at bar the response to the offer to perform was the immediate institution of the action to foreclose. This was a positive and peremptory refusal to accept the tender.

The allegation in the complaint that respondents employed an attorney to enforce the payment of said notes is put in issue by the denials to the answer sufficient to put that allegation in issue.

We believe that the demurrer to the answer should have been overruled. Judgment reversed, with directions to overrule the demurrer to the answer.

Marks, Acting P. J., and Barnard, J., concurred.