[Civ. No. 3647. Fourth Dist. July 1, 1947.]

MAX LICHTY, Appellant, v. FRANCES A. WHITNEY et al., Respondents.

Ruel Liggett for Appellant.

Henry W. Hache for Respondents.

MARKS, J.—Plaintiff brought this action in declaratory relief to determine and declare his rights under a second deed of trust on San Diego property.

The complaint alleged that on or about October 18, 1934, Oscar Boswell and Della Boswell, his wife, executed a deed of trust in which Robert J. Gardner was trustee and Frances A. Whitney beneficiary. The deed of trust was a first incumbrance on the described property and secured payment in monthly instalments of a promissory note in the sum of $1,900, with interest at 5 per cent per annum. The deed of trust contained the usual powers of sale. It was duly recorded.

It was further alleged that on or about October 25, 1934, the Boswells executed a second deed of trust with like powers of sale on the same property with J. B. Coker trustee, and Southern California Home Building Company, beneficiary; that plaintiff became the owner of that deed of trust; that after plaintiff became such owner he offered to pay, and tendered to Frances A. Whitney and Robert J. Gardner the full amount of the indebtedness, including interest, secured by the first deed of trust, which tender and offer to pay was refused by them; that after such tender defendants commenced proceedings to foreclose their deed of trust; that thereupon plaintiff again tendered and offered to pay such indebtedness and interest in full which was refused; that defendants proceeded

with such foreclosure and recorded a deed conveying such property thereunder. It is also alleged that defendants, although requested so to do, refused to disclose the amount of principal and interest unpaid on the promissory note necessary to pay the same in full.

The principal defense was based upon a judgment by the Superior Court of San Diego County entered in favor of defendants on April 7, 1945, in consolidated actions, wherein it was decided that plaintiff was not then the owner of the second deed of trust and the note it secured because he claimed title under an assignment purportedly executed by the Southern California Home Building Company after it had failed to pay its corporation franchise tax on January 6, 1941, and had forfeited its right to do business in this state.

In the instant case the trial court found that on or about May 1, 1945, plaintiff became the owner of the second deed of trust and succeeded to the interest of the Southern California Home Building Company thereunder; that plaintiff "offered to pay to the defendants, Frances A. Whitney and Robert J. Gardner, the entire amount due them on their first trust deed; that at the time he made such offer of payment he did not know the exact amount that was due upon the said first trust deed, but offered to pay whatever was justly and properly due thereon, and that neither of the said defendants informed plaintiffs of the amount due on said trust deed, nor accepted any payment from him thereon."

It was further found "that in the month of May, 1945, at the time plaintiff tried to redeem from and pay off the said first trust deed, as aforesaid, he did not inform the defendants that he had procured a good and valid title to the aforesaid second trust deed and note by proceedings other than the aforesaid void assignment from the original beneficiary."

It was also found that at all times mentioned plaintiff was ready, able and willing to pay defendants in full; that since the trustee's sale on June 30, 1945, Mrs. Whitney was the owner of the property; that after that date Mrs. Whitney entered into an escrow agreement with a third party to sell the property to her.

The trial judge drew the following conclusions of law: That plaintiff was the owner of the second deed of trust on and after May 1, 1945, but was not entitled to "redeem" the property from the first deed of trust incumbrance; that his tender and offer of payment was "incomplete and insufficient by reason of his failure to inform defendants that he had be-

come the owner of said second trust deed by reason of another and different transfer'' from the assignment from the Southern California Home Building Company held void in the previous action; that the contract of sale between Mrs. Whitney and the third party, which was in escrow, created an equity in the property which could not be defeated by ''redemption'' by the plaintiff.

It is at once apparent that the judgment in favor of defendants is based solely on (1) the fact that plaintiff failed to inform defendants that he had acquired a good title to the second deed of trust and note after the judgment against him in the consolidated superior court action, and (2) the purported equity in the property created in the purchaser by the escrowed contract of sale signed by Mrs. Whitney. This must be true because all other findings made are in favor of plaintiff and would have supported a judgment in his favor unless overcome in the two particulars mentioned.

The finding that plaintiff did not disclose the nature of his new interest in the transaction after the judgment against him in the superior court action and after he had acquired title to the second deed of trust on May 1, 1945, and that this failure to disclose defeated his right to pay the first indebtedness cannot be sustained either factually or legally.

Under date of May 15, 1945, plaintiff wrote Mrs. Whitney in part as follows: ''As owner and holder of the second trust deed covering the above property I hereby tender and offer you the correct amount due on your first trust deed covering this property.'' As the letter informed Mrs. Whitney that plaintiff was the owner as well as the holder of the second deed of trust the inference is clear that he held some title to the instrument other than the one held void in the superior court action. This should have put defendants on inquiry before failing to accept the full amount due on the indebtedness. Mrs. Whitney failed to act at her peril. The tender was no more specific than the one held sufficient in *Wiemeyer* v. *Southern Trust & Commerce Bank,* 107 Cal.App. 165 [290 P. 70]. As defendants here made no objection to the form of the tender, any objection to it on that ground was waived by them.

Plaintiff was not required to disclose the capacity in which he was acting in making the tender. The same argument was made in *Miller* v. *Lanktree,* 34 Cal.App. 293 [167 P. 195], and was rejected. It was there said:

"We think there is no merit in this contention. If the defendant, Ella M. Murphy, in the former action was entitled to redeem in any capacity, and tendered to the purchaser at the foreclosure sale the amount required by the statute to effect such redemption, the holder of the certificate of sale was bound to accept such tender, and was not entitled to be informed in what particular capacity the redemptioner was acting. (*Pollard* v. *Harlow,* 138 Cal. 390 [71 P. 454, 648].)"

In this connection it should not be out of place to note that the record indicates that Mrs. Whitney seemingly was interested in making a substantial profit on the transaction. The trial court found that there was due her $1,271, principal, together with accrued interest at 5 per cent per annum, from April 1, 1943, together with any taxes and costs she may have paid prior to May 1, 1945.

Plaintiff repeatedly attempted to learn the exact amount due Mrs. Whitney and offered to pay it. On July 19, 1943, Mrs. Whitney informed the attorney for plaintiff that the amount due was $8,201.96. Under date of January 13, 1944, the trustee wrote the then attorney for plaintiff that the first trust deed was for sale for $2,000. On July 11, 1944, she wrote her attorney that the trust deed was "for sale for $2000.00 plus your fees." She at no time expressed willingness to accept the amount due and failed to disclose that amount.

Mrs. Whitney argues that the Southern California Home Building Company was the *alter ego* of J. B. Coker; that plaintiff was merely the collecting agent for Coker; that the transaction was permeated with some description of fraud sufficient to defeat plaintiff's action.

Plaintiff acquired his title on May 1, 1945, by execution sale under a judgment in favor of the First National Trust and Savings Bank of San Diego against Southern California Home Building Company. The sheriff's certificate of sale was recorded on May 7, 1945, before plaintiff made his tender to Mrs. Whitney on May 15, 1945. The trial judge concluded that this sale vested title in plaintiff to the second deed of trust and that on May 1st he became the owner of it. This finding is sufficient answer to this argument.

The effect of a valid tender of the amount due Mrs. Whitney must be considered. In *Sondel* v. *Arnold,* 2 Cal.2d 87 [39 P.2d 793], it is said:

"This action was then commenced by appellant to have the trustee's sale and resultant deed declared void on the ground

that she had on the maturity date of the note made a valid tender of the amount due, causing, under the provisions of section 1504 of the Civil Code, so she asserts, a cessation of interest and a discharge of the lien against the property. The cited code section provides that 'An offer of payment or other performance, duly made, though the title to the thing offered be not transferred to the creditor, stops the running of interest on the obligation, and has the same effect upon all its incidents as a performance thereof.' It has been held under this section that a tender, duly made, of the amount of an obligation works a discharge of a lien given as collateral security therefor. (*Leet* v. *Armbruster,* 143 Cal. 663, 668-672 [77 P. 653] ; *Walker* v. *Houston,* 215 Cal. 742, 745-747 [12 P.2d 952, 87 A.L.R. 937].)''

In *Haile* v. *Smith,* 113 Cal. 656 [45 P. 872], it was held that:

''A tender of the amount of a debt, though refused, extinguishes the lien of a pledgee, and will entitle the pledgor to recover the property pledged. (*Loughborough* v. *McNevin,* 74 Cal 250 [14 P. 369, 15 P. 773] ; 5 Am.St.Rep. 435.) 'The principle governing the subject is that tender is equivalent to payment as to all things which are incidental and accessorial to the debt. The creditor, by refusing to accept, does not forfeit his right to the thing tendered, but he does lose all collateral benefits or securities. The instantaneous effect is to discharge any collateral lien, as a pledge of goods or right of distress.' (*Tiffany* v. *St. John,* 65 N.Y. 318; 22 Am.Rep. 612.)''

The case of *Wiemeyer* v. *Southern Trust & Commerce Bank, supra,* is factually similar as to the form of the tender. It was there said:

''But the rights of the parties are fixed and determined by and at the time of the offer to perform the obligation, provided, of course, that the tender is sufficient. We think that in the instant case the tender and refusal without objection by respondents was effective as a discharge of the lien of the mortgage.''

As Mrs. Whitney refused to disclose or accept the amount due her and made no objection to the form of the tender we must conclude that it was sufficient to discharge the security although the obligation of the debt still remains. As this is an equitable action the trial court can condition a judgment in favor of plaintiff upon his payment of the debt.

█ As the tender released the security, the trustee's sale on June 30th was void and conveyed no title to Mrs. Whitney. Therefore she had nothing to agree to sell to the prospective purchaser. As she had nothing to sell her contract in escrow could not give the purchaser any equity in the property and such contract cannot defeat plaintiff's action nor affect his rights.

Mrs. Whitney cites cases properly holding that a tender by a stranger to the title is void and that an improper tender is of no effect. It is clear from what we have said that these cases have no bearing on the situation before us. Mrs. Whitney can recover the money due her which is all she is entitled to do.

The judgment is reversed.

Barnard, P. J., concurred.